IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

## Case No. 0:10-CV-60273-GOLD-McALILEY

**NATIONAL UNION FIRE INSURANCE** )
**COMPANY OF PITTSBURGH, PA, a** )
**Pennsylvania Corporation,** )
)
      **Plaintiff,** )
)
      v. )
)
**F. VICINO DRYWALL II, INC.; F.** )
**VICINO DRYWALL, INC.; and F.** )
**VICINO AND COMPANY, INC.,** )
)
      **Defendants.** )
)
)

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANTS' MOTION TO TRANSFER, AND MOTION TO LIFT STAY, WITH MEMORANDUM OF LAW IN SUPPORT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), pursuant to Southern District Local Rule 7.1, hereby files this Motion for Reconsideration of Order on Motion to Transfer Case (DE 14), and Motion to Lift Stay, and requests that this Court reconsider its order and lift the stay based on the following good cause:

1.    This case arises out of a Complaint for Declaratory Judgment filed by National Union, requesting a declaration that National Union has no duty under certain insurance policies to defend or indemnify Defendants with respect to any claims or damages arising from allegedly defective drywall installed at the homes of plaintiffs in various underlying lawsuits.

2. On March 31, 2010, Defendants filed a Motion to Transfer Case to the Eastern District of Louisiana and for Enlargement of Time to Respond to the Complaint (DE 7).

3. Pursuant to Southern District Local Rule 7.1.C., each party opposing a motion shall serve an opposing memorandum of law no later than 14 days after service of the motion, calculated to then include three additional days, so Plaintiff's Memorandum of Law in Opposition to the Motion to Transfer was due to be filed on or before Monday, April 19, 2010.

4. Before Plaintiff had an opportunity to respond to the Motion to Transfer, this Court entered an Order on Motion to Transfer Case and for Extension of Time to Respond to Complaint; Administratively Closing Case (DE 14). This order was entered on April 8, 2010.

5. Pursuant to the Order on Motion to Transfer, the Court stayed this case pending the United States Judicial Panel on Multi-District Litigation (the "JPML")'s consideration of this matter as a potential "tag-along" action.

6. The Judicial Panel on Multidistrict Litigation ("JPML") is <u>not</u> considering this matter as a potential "tag-along" case at this time as a motion has not been filed before the JPML to date regarding this action.

7. In fact, although the April 8, 2010 order issued by this Court references an order entered on July 15, 2009, that all cases sharing factual questions concerning drywall manufactured in China and imported and distributed to the United States be centralized to MDL 2047 in the Eastern District of Louisiana, subsequent cases have held that declaratory judgment actions regarding insurance issues do not share the same

factual questions as the underlying product liability cases and therefore are not appropriate for transfer to the Eastern District of Louisiana. *See* court orders attached hereto as **Exhibit A**.

8.     Plaintiff intends to oppose the Motion to Transfer and would like the opportunity to brief the issue and file a memorandum of law in opposition to the motion, as contemplated and allowed by the local rules of this Court.

9.     In accordance with this Court's local rules, undersigned counsel has spoken with counsel for Defendants, Henry E. Marinello, Esq., and is authorized to represent that they will file a response if they have any objection to this motion.

10.    In accordance with this Court's local rules and electronic filing procedures, a proposed order granting the relief sought is being filed herewith and e-mailed to Judge Gold.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO LIFT STAY

At any time prior to entry of a final judgment, and especially where the Court has not considered a memorandum of law in opposition that was within the time period for filing, this Court is entitled to review and reconsider a non-final order. *See, e.g., Region 8 Forest Service Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir. 1993); Fed. R. Civ. P. 54(b)("any order or form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); *Sincurella v. Chater,* 896 F.Supp. 121 (W.D.N.Y. 1995)(holding that timely objections to magistrate judge's recommendations should have been considered).

There are three major grounds that justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp. 2d 1366, 1369 (S.D. Fla. 2002); *Furmanite America, Inc. v. T.D. Williamson, Inc.,* 2007 WL 1247297 (M.D. Fla. Apr. 30, 2007).

Moreover, "a motion for reconsideration is appropriate where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension. . . .'" *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d at 1369 (citations omitted).

Here, National Union brings this Motion for Reconsideration based on the need to correct clear error and to prevent manifest injustice.  The order entered April 8, 2010 erroneously reasoned that the case should be held in abeyance pending the JPML's consideration of this matter as a potential tag-along action, where no request to consider this case as a tag-along action has been filed, nor is this case appropriate as a tag-along case because it does not share the same factual questions at issue in the product liability cases pending in the Eastern District of Louisiana.  Moreover, the Court's order entered April 8, 2010 was issued before Plaintiff's deadline to file a memorandum of law in opposition.  Under Southern District Local Rule 7.1.C., the time has still not run to file the memorandum of law in opposition.  The Motion to Transfer was filed on March 31, 2010.  Thus, the memorandum of law in opposition was due to be filed on Monday, April 19, 2010.  Therefore, National Union requests that this Court vacate its order and consider National Union's submission, which will be filed by April 19, 2010.

4

The order entered April 8, 2010 was issued without this Court's considering National Union's position, and based on a misconception that the MDL was considering this case as a tag-along action, which it is not. *See Tim W. Koerner & Associates, Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 298 (S.D. Tex. 1980)("[A] party can only initiate proceedings for transfer of an action by filing a motion with the judicial panel on multistate litigation and by filing a copy of such motion with the district court in which the action is pending."), *aff'd*, 683 F.2d 416 (5th Cir. 1982). Furthermore, even if the JPML was considering this case as a potential "tag-along" case, which it is not, 28 U.S.C. § 1407 does not automatically stay this action. In fact, JPML Rule 1.5 states, in relevant part: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Moreover, district courts have denied motions to transfer in pending matters that were simultaneously under consideration for "tag-along" status by the JPML. *See e.g.*, Order on Motion for Change of Venue, March 30, 2010, entered by the United States District Court for the Eastern District of Virginia, a copy of which is attached hereto as **Exhibit B**. Banner has cited to no authority that mandates that this court stay this action at this time. Consequently, National Union requests that this Court allow it the contemplated time to file a memorandum of law in opposition to the Motion to Transfer, such that its arguments in opposition to the motion may be properly considered and due process accorded to National Union.

WHEREFORE, Plaintiff, National Union Insurance Company of Pittsburgh, PA, respectfully requests that this Court grant this motion, reconsider its order of April 8, 2010 (DE 14), and issue an order vacating that order and allowing National Union seven days from the date of the order on this motion to file its Memorandum of Law in Opposition to Defendants' Motion to Transfer, and likewise lifting the stay entered in this case and holding that this case is not administratively closed.

        Respectfully submitted,

        /s/ Cindy L. Ebenfeld
        Cindy L. Ebenfeld, Esq.
        Florida Bar No. 980579
        Rick A. Piccolo, Esq.
        Florida Bar No. 511330
        HICKS, PORTER, EBENFELD & STEIN, P.A.
        11011 Sheridan Street, Suite 104
        Cooper City, Florida 33026
        Tel: (954) 624-8700
        Fax: (954) 624-8064
        cebenfeld@mhickslaw.com
        rpiccolo@mhickslaw.com
        *Co-Counsel*

        Joseph A. Hinkhouse, Esq.
        Richard A. Hodyl, Esq.
        Joshua A. Boggioni, Esq.
        HINKHOUSE WILLIAMS WALSH LLP
        180 N. Stetson Avenue, Suite 3400
        Chicago, Illinois 60601
        Tel: (312) 784-5400
        Fax: (312) 784-5499
        jhinkhouse@hww-law.com
        rhodyl@hww-law.com
        jboggioni@hww-law.com
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **April 14, 2010,** a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served on the following counsel of record, via transmission of Notice of Electronic Filing generated by CM/ECF, this **14 day of April, 2010**:

Henry E. Marinello, Esq.
Marinello & Kotzen, P.A.
14361 Commerce Way
Suite 304
Miami Lakes, FL 33016
Tel:    305/821-5554
Fax:   305/821-5044
hmarinello@makslaw.com
*Attorneys for Defendants*

/s/ Cindy L. Ebenfeld

g:\chartis\vicino\pldg\m reconsider.doc

1243611v.2